BROWN, Chief Judge.
| ,In July 1992, appellant, Joseph Y. Foster, Jr., was arrested by the Bossier Parish Sheriffs Office for crimes committed in Webster Parish. In connection with Foster’s arrest, numerous articles of property were seized by various law enforcement agencies. After a jury trial in which Foster represented himself, he was convicted of armed robbery, second degree kidnapping, and aggravated kidnapping. He was sentenced to life (aggravated kidnapping), 50 years (armed robbery) and 40 years (second degree kidnapping). See State v. Foster, 26,143 (La.App. 2d Cir.12/09/94), 647 So.2d 1224, writ denied, 95-0548 (La.6/30/95), 657 So.2d 1026.
On March 8, 1996 (less than one year after the supreme court denied writs in his criminal case), Foster filed a pro se motion in Webster Parish seeking the return of certain property seized at the time of his arrest. Named as defendants were the Webster Parish Sheriffs Office, Minden City Police Department, Bossier Parish Sheriffs Office, Louisiana State Police, Webster Parish Clerk of Court, Bossier Parish Clerk of Court, Webster Parish Police Jury, Bossier Parish Police Jury, and other unknown parties. All defendants, except the Bossier Parish Sheriffs Office and the City of Minden, answered Foster’s motion and denied possessing any of his seized property. The City of Min-den answered Foster’s motion and admitted to possessing tools seized from the vehicle Foster used to drive to the scene of the armed robbery. The Bossier Parish Sheriffs Office admitted to transferring a number of seized articles to other agen- *568 des, and to possessing $162 taken from Foster’s person at the time of his arrest. The Bossier Parish Sheriffs Office’s answer further included an exhibit which showed |2that some of Foster’s seized property, such as the knife used to stab one of his kidnap victims, was transferred to the North Louisiana Criminalistics Laboratory and some, such as the clothes worn during his crime spree, was transferred to a deputy with the Webster Parish Sheriffs Office.
After years of little or no activity, this matter proceeded to a contradictory hearing on April 7, 2008. During this hearing, the state called upon Captain Steve Cropper of the Webster Parish Sheriffs Office to testify. Captain Cropper testified that he searched the Webster Parish Sheriffs Office’s two evidence vaults attempting to locate any seized property belonging to Foster, but that his search came up empty. Taking the entirety of Captain Cropper’s testimony into consideration, the trial court denied Foster’s motion for the return of seized property, finding that “[t]he testimony indicated that the property was destroyed, sold, or otherwise disposed of according to law.”
From the trial court’s judgment denying his motion for the return of seized property, Foster now appeals.

Discussion

The facts of Foster’s criminal acts as stated in this court’s opinion affirming his convictions and sentences are as follows:
On July 20, 1992, at approximately 12:30 a.m., a man wearing a ski mask and gloves robbed the Exacta Inn Motel in Minden, Louisiana, at gunpoint. At the time, Walter Kilgore was on duty as the motel’s night manager. After forcing Kilgore to give him money from the cash register, the man forced Kilgore to leave the motel with him and walk toward Interstate 20. After they walked a short distance, the man released Kil-gore. Kilgore then walked back to the motel, called the police, and gave them a description of his assailant.
|sWithin minutes after Kilgore called the police, Officers Hank Haynes and Harold Robinson arrived at the scene. They immediately began searching the area, and Officer Robinson noticed a man fitting the robber’s description walking across Highway 7. The two officers then drove toward the man, and, as he began fleeing across a field, they ordered him to stop. They shined bright lights on him, and, as he crossed a fence to escape into some woods, he looked back at the officers. He was not wearing a ski mask, and Officer Robinson saw his face. Once he disappeared into the woods, Officers Haynes and Robinson waited for a team of bloodhounds before beginning a manhunt.
At approximately 5:45 a.m. that same morning, Delbert McCrary was parked in Hamburger Happiness’ parking lot which is located in Dixie Inn, Webster Parish, Louisiana, approximately three miles from the Exacta Inn Motel. McCrary was sitting in the driver’s seat of his truck waiting for his car pool. His door was open. Without warning, a man appeared and stuck a gun to McCrary’s side and told him to move over. McCrary identified that man as the defendant.
The defendant then drove McCrary to a wooded area in Bossier Parish, Louisiana. He assured McCrary that as long as he cooperated, he would not get hurt. He ordered McCrary out of the truck and told him that he had to tie him up so he would have enough time to escape. The defendant used the victim’s shoe strings, a long-sleeved shirt and the truck’s seat belts to tie McCrary’s hands and feet. Then, while standing behind *569 McCrary and gagging McCrary’s mouth with a piece of the shirt, the defendant stabbed McCrary in the back. After that, the defendant got into the truck and attempted to run over McCrary. When the truck hit McCrary, it allowed him to free one of his legs. McCrary then escaped to a nearby home and called the police.
At approximately 9:00 a.m., a fresh team of bloodhounds was called out to the Bossier Parish area to continue the manhunt. Two hours later, they found the defendant hiding in a densely wooded area. He had partially covered himself with pine straw. A gun was found lying by his side.
State v. Foster, 647 So.2d at 1226-27.
Foster drove to the robbery site in his vehicle, wore identifiable clothing, stole money, kidnapped the clerk, stole a “get away” truck, kidnapped the truck’s owner and then attempted to kill him. Everything seized from the defendant and the vehicles were relevant evidence of the |4crimes committed. The money held by the Bossier Parish Sheriffs Office was stolen from the Exacta Inn, and the knife, gun and clothing were relevant to proving Foster’s guilt. Thus, we affirm the trial court.
WILLIAMS, J., concurs in the result only.
PEATROSS, J., concurs in the result only.